## MARY CARTER ET AL. *v.* THOMAS HADLEY.

TAX TITLE. *Excessive levy. Tender of legal taxes.*
> Confirmation of a tax title cannot be prevented upon the ground that the board of supervisors exceeded the limit prescribed by statute in levying county taxes, unless the tax payer tenders before sale the true amount due. Acts 1877, p. 6, § 10.

APPEAL from the Chancery Court of Lee County.
Hon. L. HAUGHTON, Chancellor.

The appellee filed a bill to confirm a title acquired at a sale of land delinquent for taxes of the year 1877, the appellants

answered that the county levy for that year was void because the board of supervisors fixed the rate at nineteen mills, and the Chancellor, at the final hearing upon the evidence, confirmed the tax title.

*Fontaine & Mitchell*, for the appellants.

The maximum rate under the statute was fifteen mills (Acts 1877, p. 21, § 5); and, as only part of the tax was valid, the sale was void. *Dogan* v. *Griffin*, 51 Miss. 782; *Shattuck* v. *Daniel*, 52 Miss. 834; *Gamble* v. *Witty*, 55 Miss. 26; *Mayer* v. *Peebles*, 58 Miss. 628.

*Blair & Clifton*, for the appellee.

If the entire county levy were void, the title would be valid, because the State tax was not tendered before sale. Acts 1877, p. 6, § 10. This statute meets the decisions in the cases of *Dogan* v. *Griffin*, 51 Miss. 782, and *Gamble* v. *Witty*, 55 Miss. 26.

CHALMERS, C. J., delivered the opinion of the court.

The validity of the tax deed, which it is sought by this suit to confirm, is denied upon the ground that the board of supervisors of the county levied a higher rate of taxation for the year during which the forfeiture took place than was authorized, or, in other words, exceeded the limit prescribed by the legislature; and this is the only question argued. However that may be, the appellants cannot avail themselves of the excess in the levy, if there was such excess, because it is not shown that the tax payer tendered the amount actually due before sale of the land. By the tenth section of the statute of 1877 (Acts 1877, p. 6) it is provided that tax deeds shall only be held invalid by reason of an excess of taxes demanded, where it is shown that the tax payer tendered before sale the true amount due.

*Decree affirmed.*